Argued December 4, affirmed December 19, 1952

## BUCKLES, Executor v. CONTINENTAL CASUALTY COMPANY

251 P. 2d 481

*Robert H. Hollister* argued the cause for appellant. On the brief were Hollister & Hollister, of Portland.

*Earl A. Fewless* argued the cause for respondent. On the brief were Fewless & Douglass, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is a companion case to that of *Buckles v. Continental Casualty Company,* decided on this day. The parties are the same, and this action, like the other, is based upon an insurance policy issued by defendant Continental Casualty Company, a corporation, to Thomas A. Buckles, now deceased. The cases were consolidated for trial and for appeal to this court. Aside

from differences in the wording of the policies of insurance, the record before us is the same in both cases, including the special verdict submitted to the jury.

On August 8, 1945, defendant Continental Casualty Company, a corporation, issued to Thomas A. Buckles its policy of insurance numbered 69464, insuring said Buckles against accidental death in the amount of $1,000. Mary E. Buckles, wife of Thomas A. Buckles, was named as beneficiary. On June 14, 1949, said policy was in full force and effect.

Under this policy, defendant promised to pay indemnity for loss resulting from injury. The contract then provided:

" 'Injury' as used in this policy means bodily injury for which the Insured is not entitled to compensation under any Workmen's Compensation Law and which causes the loss directly and independently of all other causes and is effected solely through accidental means while this policy is in force."

It will be observed that the wording of this provision is somewhat different from that in the policy of insurance involved in the other case. However, under the facts and circumstances of this case the effect of the provision and the law applicable thereto is no different from that heretofore noted with respect to the other contract. Decedent was not entitled to compensation under any Workmen's Compensation Law.

Because the statement of the case and the applicable law are set forth in the companion case, we find no necessity for repeating them here. The judgment against defendant for the sum of $1,000, with interest thereon at the rate of 6 per cent per annum from July 15, 1949, until paid, for the further sum of $500 attorneys' fees, and for costs and disbursements is affirmed.